UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CENTURY BUSINESS SERVICES, INC., *et al.*, | ) ) ) | Case No.: 1:01 CV 2166 |
| Plaintiffs | ) ) | JUDGE SOLOMON OLIVER, Jr. |
| v. | ) ) | |
| KENNETH BRYANT, | ) ) | <u>MEMORANDUM AND ORDER</u> |
| Defendant | | |

Before the court is Century Business Services, Inc. ("CBIZ") and SR Business Services, Inc.'s ("SRB") (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs (ECF No. 122). For the following reasons, the court grants Plaintiffs' Motion.

## I. BACKGROUND

Plaintiffs brought the instant action against Defendant Kenneth Bryant ("Bryant") for breach of contract and violation of the Lanham Act. After a bench trial, Judge Aldrich found for the Plaintiffs on the following three claims: (1) breach of Agreement and Plan of Merger, (2) breach of the Executive Employment Agreement, and (3) violation of the Lanham Act. (Memorandum and Order, ECF No. 120.) The court awarded damages to Plaintiffs totaling $1,339,457, and the court further found that Plaintiffs were entitled to attorney fees and costs pursuant to Section 9.2 of the Agreement and Plan of Merger (ECF No. 1, Exh. A). Plaintiffs seek attorneys' fees and costs in the amount of $170,576.10, plus interest. Plaintiffs' Motion is unopposed by Bryant.

## II. LAW AND ANALYSIS

Pursuant to Section 10.7 of the parties' Agreement and Plan of Merger, Ohio law governs this case. Ohio follows the 'American Rule' that "a prevailing party in a civil action may not recover attorney's fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009). However, fees may be awarded in certain circumstances, including when "an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees." *Id.* (citing *Nottingdale Homeowners' Assn., Inc v. Darby*, 514 N.E.2d 702 (Ohio 1983)). Judge Aldrich found that Section 9.2 of the parties' Agreement and Plan of Merger provides for the awarding of attorney fees and costs to the Plaintiffs.

In determining a reasonable fee award, "the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee." *Bittner v. Tri-County Toyota, Inc.*, 569 N.E.2d 464, 467 (Ohio 1991) This formula is commonly known as the "lodestar" formula. A court, however, is permitted to modify this calculation after considering the factors listed in DR2-106(B) (now Ohio Rules of Prof. Conduct Rule 1.5). *Id.* These factors are: (1) the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent. *Id.*; *see also* Ohio Rules of Prof. Conduct-Rule 1.5(a)(1-8).

Furthermore, "[t]he number of hours should be reduced to exclude hours that are excessive, redundant, or otherwise unnecessary in order to reflect the number of hours that would properly be billed to the client." *TCF Natl. Bank v. Brooks*, No. 2009-CA-00104, 2010 Ohio App. LEXIS 1179, at \*\*13. (Ohio Ct. App. Mar. 30, 2010) (citing *Hensely v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotations marks omitted). A reasonable hourly rate is based on "the prevailing market rate in the relevant community." *Brooks*, 2010 Ohio App. LEXIS 1179 at \*5 (citing *Blum v. Stenson*, 465U.S. 886, 895 (1984)) (internal quotation marks omitted).

Here, Jeffery S. Dunlap ("Dunlap"), the attorney representing the Plaintiffs, attests that the hours and rates submitted are reasonable based on contributing attorney's experience, the northeast Ohio legal market, and the nature of the action. (Dunlap Aff., ECF No. 122-1.) The amount sought in attorney fees does not represent other costs incurred in connection with Plaintiffs' other claims against Bryant or against other associated parties. Plaintiffs' counsel provides detailed calculations of the lodestar formula for the nine years of litigation, 2001 through 2009. (ECF No. 122, Exhs. A-I). Plaintiffs incurred 653.10 billable hours at various rates, plus costs, for a total of $170,576.10. Although the amounts incurred each year vary significantly, i.e. $418.37 in 2005 to $52,799.86 in 2008, these amounts are consistent with the litigation patterns that lasted over nine years. During that time, the parties litigated in District Court, appealed to the Court of Appeals for the Sixth Circuit, and returned to District Court where the case was resolved following a bench trial. Accordingly, the court finds this amount a reasonable award of attorney fees and costs.

### III. CONCLUSION

For the foregoing reasons, the court grants Plaintiffs' Motion for Attorneys Fees and Costs (ECF No. 122) in the amount of $170,576.10, plus interest, at the applicable statutory rate.

IT IS SO ORDERED.

                                        /s/*SOLOMON OLIVER, JR.*
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

July 30, 2010